UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
═══════════════════════════════════X

MOORE FLAVOR ENTERTAINMENT INC.,
MUSA MOORE and DEJUMA CAMPELL,



          *Plaintiffs*,

     -against-                    <u>COMPLAINT</u>

SONY MUSIC ENTERTAINMENT INC.,
SONY CORPORATION OF AMERICA,
SONY ENTERTAINMENT SYSTEMS INC,
SONY SONGS INC., SONY TUNES INC.,
SONY MUSIC STUDIO INC., LOUD RECORDS
LLC, LOUD RECORDS INC., ANDRE YOUNG
p/k/a DR. DRE and SCOTT STORCH,



          *Defendants*.

═══════════════════════════════════X

The plaintiffs, by their attorneys, RUBIN BAILIN ORTOLI MAYER &
BAKER LLP, as and for their complaint against the Defendants sets
forth as follows:


1. Plaintiff, MOORE FLAVOR ENTERTAINMENT, INC., is a corporation
existing under and by virtue of the laws of the State of New York,
with its principal address located at 362 New York Avenue, in the
State of New York and the County of Kings.


2. Plaintiff, MUSA MOORE, is an individual whose principal place of
business is located at 362 New York Avenue, in the State of New
York and the County of Kings.


3. Plaintiff, DEJUMA CAMPELL, is an individual whose principal
place of business is located at 362 New York Avenue, in the State
of New York and the County of Kings. (Plaintiffs collectively
referred to as "Plaintiffs").

4. Defendant, SONY MUSIC ENTERTAINMENT INC., is a corporation existing under and by virtue of the laws of the State of Delaware and authorized to do business in New York, with its principal offices located at 550 Madison Avenue, in the City and County of New York.

5. Defendant, SONY CORPORATION OF AMERICA, is a corporation existing under and by virtue of the laws of the State of New York with its principal offices located at 550 Madison Avenue, in the City and County of New York.

6. Defendant, SONY ENTERTAINMENT SYSTEMS INC, is a corporation existing under and by virtue of the laws of the State of Delaware and authorized to do business in New York, with its principal offices located at 550 Madison Avenue, in the City and County of New York.

7. Defendant, SONY SONGS INC., is a corporation existing under and by virtue of the laws of the State of New York with its principal offices located at 550 Madison Avenue, in the City and County of New York.

8. Defendant, SONY TUNES INC., is a corporation existing under and by virtue of the laws of the State of New York with its principal offices located at 550 Madison Avenue, in the City and County of New York.

9. Defendant, SONY MUSIC STUDIO INC., is a corporation existing under and by virtue of the laws of the State of Delaware and

authorized to do business in New York, with its principal offices located at 9 West 57th Street, in the City and County of New York.

10. Defendant, LOUD RECORDS LLC, is a limited liability company existing under and by virtue of the laws of the State of New York, with its principal offices located at 550 Madison Avenue, in the City and County of New York.

11. Defendant, LOUD RECORDS INC., is a corporation existing under and by virtue of the laws of the State of New York with its principal offices located at 376 Broadway, PH1, in the City and County of New York.

12. Defendant, ANDRE YOUNG p/k/a DR. DRE, is an individual whose principal place of business is located at 550 Madison Avenue, in the City and County of New York.

13. Defendant, SCOTT STORCH, is an individual whose principal place of business is located at 550 Madison Avenue, in the City and County of New York. (Defendants hereinafter collectively referred to as "Defendants").

JURISDICTION AND VENUE

14. This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.. This Court has jurisdiction of this action under 28 U.S.C.§§ 1331, 1338(a) and 1338(b), and under its supplemental jurisdiction.

15. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(a).


## ALLEGATIONS APPLICABLE TO ALL COUNTS


16. Plaintiffs are and, at all times relevant to the matters alleged in this complaint, were engaged in the business of managing musical performers, as well as creating and producing musical albums.


17. Plaintiffs own all rights and interests to the musical composition entitled "Look Both Ways", (hereinafter the "SUBJECT WORK"), which was written, performed and created in or about December, 1999.


18. The SUBJECT WORK contains material wholly original with Plaintiff that is copyrightable subject matter under the laws of the United States.


19. On February 22, 2000, Plaintiff applied to the Register of Copyrights for a Certificate of Registration for the SUBJECT WORK. The Certificate was issued by the Register of Copyrights on April 26, 2000, and bears registration number Pau 2-521-526.


20. Plaintiffs are the sole proprietors of all right, title, and interest in and to the copyright in the SUBJECT WORK. Plaintiffs have produced and distributed the SUBJECT WORK in strict conformity with the provisions of the Copyright Act of 1976 and all other laws

governing copyright.

21.  In or about March, 2000, a physical copy of the SUBJECT WORK was given to defendant Scott Storch.

22.  In September of 2000, Defendants released the album "Restless" by the artist "Xzibit", which included the musical work "X".

23.  On the album "Restless", Scott Storch is listed as the keyboard player for the musical work "X".

24.  Defendants have substantially copied Plaintiffs' Subject Work, *to wit* the musical work entitled "X" contains several unequivocal points of duplication of the SUBJECT WORK, including but not limited to sections of the rhythm and much of the harmonic content.

25.  Defendants' copying of Plaintiffs' Subject Work is illegal because a substantial similarity exists between Defendants' musical work entitled "X" and the protectable elements of Plaintiffs' Subject Work.

26. Plaintiffs are informed and believe, and on that basis alleges, that since at least as early as September, 2000, Defendants have been reproducing, distributing, and promoting "X", thereby further infringing upon the Plaintiffs' copyright in the SUBJECT WORK.

27. The natural, probable and foreseeable result of Defendants' wrongful conduct has been and will continue to be to deprive Plaintiffs of the benefits of selling Plaintiffs' SUBJECT WORK and

its other products, to deprive Plaintiff of goodwill, and to injure Plaintiffs' relations with present and prospective customers.

28. Plaintiffs are informed and believe, and on that basis alleges, that they have lost and will continue to lose substantial revenues from the sale of the SUBJECT WORK and other products and will sustain damage as a result of Defendants' wrongful conduct and Defendants' production and sale of this infringing product. Defendants' wrongful conduct has also deprived and will continue to deprive Plaintiffs of opportunities for expanding their goodwill.

29. Plaintiffs are informed and believes, and on that basis alleges, that unless enjoined by this Court, Defendants intends to continue its course of conduct and to wrongfully use, infringe upon, sell and otherwise profit from Plaintiffs' SUBJECT WORK and works derived from it. As a direct and proximate result of the acts of Defendants alleged above, Plaintiffs have already suffered irreparable damage and has sustained lost profits. Plaintiffs have no adequate remedy at law to redress all of the injuries that Defendants has caused and intends to cause by its conduct. Plaintiffs will continue to suffer irreparable damage and sustain lost profits until Defendants' actions alleged above are enjoined by this Court.

## COUNT I

### COPYRIGHT INFRINGEMENT

30. Plaintiffs re-alleges each and every allegation set forth in

Paragraphs through, inclusive, and incorporates them herein by this reference.

31. By its actions alleged above, Defendants has infringed and will continue to infringe Plaintiffs' copyright in and relating to the SUBJECT WORK by producing, distributing, and placing upon the market products which are infringing of Plaintiffs' copyrighted SUBJECT WORK.

32. Plaintiffs are entitled to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further such acts in violation of the copyright laws.

33. Plaintiffs are further entitled to recover from Defendants the damages, including attorneys' fees, they have sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of Defendants' acts of infringement alleged above. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff .

WHEREFORE, Plaintiffs pray for judgment against the Defendants as follows:

(A) That judgment be entered for Plaintiffs and against Defendants for Plaintiffs' actual damages according to proof, and for any profits attributable to infringements of Plaintiffs' copyrights, in accordance with proof for the minimum sum of $5,000,000.00;

(B) That judgment be entered for Plaintiffs and against

Defendants for statutory damages based upon Defendants' acts of infringement, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.

(C) That Defendants be required to account for all gains, profits, and advantages derived from its acts of infringement and for its other violations of law.

(D) That all gains, profits and advantages derived by Defendants from its acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiffs.

(E) That the Court find that Defendants has infringed Plaintiffs' copyrights in the SUBJECT WORK.

(F) That the Court find a substantial likelihood that Defendants will continue to infringe Plaintiffs' copyrights in the SUBJECT WORK unless enjoined from doing so.

(G) That Defendants, their directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing Plaintiffs' copyrights in the SUBJECT WORK or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the SUBJECT WORK or to participate or assist in any such activity.

(H) That Defendants, their directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined to return to Plaintiff any and all originals, copies, facsimiles, or duplicates of the SUBJECT WORK in their possession, custody or control.

(I) That Defendants, their directors and officers, agents,

servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined to recall from all distributors, wholesalers, jobbers, dealers, retailers, and distributors, and all others known to Defendants, any originals, copies, facsimiles, or duplicates of any works shown by the evidence to infringe any copyright in the SUBJECT WORK.

(J) That Defendants be enjoined to deliver upon oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles, or duplicates of any work shown by the evidence to infringe any copyright in the SUBJECT WORK.

(K) That Defendants be required to file with the Court and to serve on Plaintiffs, within 30 days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Court's order.

(L) That Plaintiffs recover their costs, expenses and reasonable attorney fees incurred herein.

(M) That Plaintiffs have such other and further relief that this Court deems appropriate.

Dated:      New York, New York
            June 29, 2005

ERIC VAUGHN-FLAM, ESQ.   (0518)

RUBIN BAILIN ORTOLI MAYER & BAKER LLP
*Attorneys for Plaintiff*
405 Park Avenue
New York N.Y. 10022
Tel 212-935-0900

To:    SONY MUSIC ENTERTAINMENT INC.
       550 Madison Avenue
       New York, N.Y. 10022

SONY CORPORATION OF AMERICA
550 Madison Avenue
New York, N.Y. 10022

SONY ENTERTAINMENT SYSTEMS INC
550 Madison Avenue
New York, N.Y. 10022

SONY SONGS INC.
550 Madison Avenue
New York, N.Y. 10022

SONY TUNES INC.
550 Madison Avenue
New York, N.Y. 10022

SONY MUSIC STUDIO INC.
550 Madison Avenue
New York, N.Y. 10022

LOUD RECORDS LLC
550 Madison Avenue
New York, N.Y. 10022

LOUD RECORDS INC.
376 Broadway, PH1
New York, N.Y. 10013

ANDRE YOUNG p/k/a DR. DRE
550 Madison Avenue
New York, N.Y. 10022

SCOTT STORCH
550 Madison Avenue
New York, N.Y. 10022